# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) No. 12 C 09407 |
| v. | ) |
| | ) |
| CHRISTOPHER JONES | ) Judge John J. Tharp, Jr. |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Christopher Jones was indicted and convicted of federal drug and firearms charges in 2005. Case No. 05 CR 45, Dkt. 1, 26, 39. Now before the Court is Jones' motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255 and what the Court construes to be Jones' motion for a retroactive application of the sentencing guidelines amendment for offenses involving crack cocaine pursuant to 18 U.S.C. § 3582(c). For the reasons stated below, both motions are denied.

## I. BACKGROUND

On October 12, 2005, Jones entered a blind guilty plea on all six counts of the superseding indictment charging drug and firearms offenses. Dkt. 39.[1] He was sentenced on March 22, 2006, to a total term of 181 months in prison and three years of supervised release.

---

[1] Jones pled guilty to (1) possessing with intent to distribute cocaine base in the form of crack cocaine, in violation of 21 U.S.C. § 841; (2) using or carrying a firearm in furtherance of the drug offense charged, in violation of 18 U.S.C. § 924(c); (3) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); (4) being a felon in possession of eight firearms, in violation of 18 U.S.C. § 922(g); (5) possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k); and (6) possessing cocaine base in the form of crack cocaine, in violation of 21 U.S.C. § 844.

Dkt. 55.[2] Jones failed to file a notice of appeal within ten days of his sentencing (Dkt. 57), the time allotted by the 2005 version of Federal Rule of Appellate Procedure 4(b)(1)(A).

On January 23, 2007, Jones filed a *pro se* motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255. Case No. 07 C 432, Dkt. 1. He asserted three claims: *first*, that his conviction violated the Fourth Amendment; *second*, that his trial counsel provided ineffective assistance by failing to appeal the denial of a motion to suppress; and *third*, that his trial counsel was ineffective for failing to file a notice of appeal—which Jones claimed that he had demanded that his counsel either do or withdraw from the case. *Id.* at 4, 9. On May 7, 2007, counsel was appointed for Jones, after which Jones added additional ineffective assistance of trial counsel claims to his motion. Dkt. 35. The district court (Lindberg, J.) granted in part and denied in part Jones' motion. 2009 WL 424469, at *1 (N.D. Ill. Feb. 19, 2009). The court denied Jones' motion as it related to the Fourth Amendment claim and all but one of the ineffective assistance claims. *Id.* at *5-7.

As to Jones' claim that his trial counsel was ineffective for failing to file a notice of appeal, the government conceded, and the court granted Jones' motion. *Id.* at *7. Judge Lindberg wrote,

> As a remedy, the government proposes that the Court vacate the judgment and issue a new, identical judgment that would re-start the 10-day period for Jones to file a notice of appeal … Jones does not object to this remedy, but claims that vacating the judgment alone is not sufficient relief in light of trial counsel's other alleged errors.

The court set a status hearing for February 24, 2009, five days later, and added to its order,

> Unless there is an objection from one of the parties, on February 24, 2009, the Court will vacate the judgment and re-enter an

---

[2] The calculation of Jones' sentence is discussed in more detail in Section II.B.

> identical judgment in the underlying criminal case … Jones will have ten days from February 24, 2009 to appeal the judgment …

*Id.* at *8; Case No. 07 C 432, Dkt. 51; Case No. 05 CR 45, Dkt. 82.

On February 25, 2009, the court held a status hearing.[3] Case No. 07 C 432, Tr. of 2/25/09 Status Hearing (*see* Case No. 12 C 9407, Dkt. 17-1). The court reiterated that it had issued an order on February 19, and that "the appropriate remedy for Mr. Jones' successful ineffective assistance of counsel claim" was to "vacate the … March [22], 2006 judgment … and reenter an identical judgment …." *Id.* at 2. The court gave the parties an opportunity to express an opinion regarding "how the Court intends to proceed, with regard to reentering the earlier sentence and, thus, opening the appeal window for ten days." *Id.* Jones' counsel requested that the court "vacate the sentencing; let me address the issues of the sentencing that I believe were improperly addressed before you; and then, with that in mind, resentence him, and then let us file the notice of appeal." *Id.* at 3. The government responded that the potential error raised by the defendant related to a two-point enhancement for possessing a gun with an obliterated serial number and that there was no error and that the issue had not been properly raised in any event. *Id.* at 4-5. The court initially indicated that it would consider whether to reopen the sentencing:

> take a look at that, and assuming that we disagree with [the defendant], is there any other reason not to reissue the original sentence [?] … We'll take a look a little more closely at your issue on that, and we'll set another date and/or reissue, as our determination indicates … I don't think [a further submission is] necessary at this point, but if we do, I'll ask you to do it … So we'll either set another date or we'll reissue the original sentence, with a memorandum of opinion, on the issue that you just raised.

*Id.* at 4-6.

---

[3] The court postponed the February 24, 2009 status hearing to February 25 to accommodate defense counsel's schedule.

The same day, the court entered an order stating,

> By agreement of the parties, the Court will wait to vacate and re-enter the judgment and commitment form in the underlying criminal case, 05 CR 45, to allow the parties time to determine whether Mr. Jones is entitled to a reduction in his sentence … in light of the retroactive amendment to the crack cocaine Sentencing Guidelines … The Court has also considered the issue [defense counsel] raised regarding the calculation of the applicable advisory sentencing guideline range in 05 CR 45 and her request is denied. As the Court stated before, it found Mr. Granichs' representation of Mr. Jones more than adequate through the time of sentencing. Therefore, the appropriate forum to raise any issues related to Mr. Jones' sentence in 05 CR 45 would be via a direct appeal to the Seventh Circuit … once an amended judgment and commitment form is entered ….

Case No. 07 C 432, Dkt. 55. Also the same day, the court entered a second order stating,

> The parties conferred and informed the Court that they, jointly, do not believe the retroactive amendment to the crack cocaine Sentencing Guidelines entitles Mr. Jones to a reduction in his sentence in the underlying criminal case, 05 CR 45. Therefore, the Court will vacate and re-enter the judgment and commitment form in the underlying criminal case, 05 CR 45, forthwith.

*Id.*, Dkt. 56. Having declined to revisit the guideline calculation, the court entered an "Amended Judgment" on the criminal case docket (05 CR 45), stating that the "Reason for Amendment" was "Direct motion to district court pursuant to 28 U.S.C. § 2255." In the Amended Judgment, the Court again sentenced Jones to 121 months on Counts 1 and 6, 120 months on Counts 3, 4, and 5 (to be served concurrently), 60 months on Count 2 to be served consecutively, and three years of supervised release. Case No. 05 CR 45, Dkt. 82.

The February 25, 2009, judgment had the effect of restarting the clock for Jones to file a timely notice of appeal. 2009 WL 424469, at *7; *United States of America v. Jones*, 635 F.3d 909, 914 (7th Cir. 2011) ("the court entered an amended judgment imposing the same sentence on Jones, thus opening a new ten-day window in which Jones could file a direct appeal from his

conviction and sentence"). Jones, represented on appeal by the same attorney who represented him with respect to his original § 2255 motion, filed a timely appeal. Case No. 05 CR 45, Dkt. 83 (notice of appeal). He raised only a single claim, that his trial counsel was ineffective for failing to object to a two-level enhancement based on possession of a firearm with an obliterated serial number. The Seventh Circuit affirmed. 635 F.3d 909, 921 (7th Cir. 2011).

On November 26, 2012, Jones brought the § 2255 motion (his second) now before this Court. Jones asserts two grounds: (1) he should not have received a criminal history point for an aggravated assault conviction that he claims was erased from his criminal history upon the satisfaction of a sentence of conditional discharge; and (2) the Fair Sentencing Act of 2010 should result in the reduction of one month for each of his sentences imposed on Counts 1 and 6 (possessing with intent to distribute cocaine base in the form of crack cocaine and possessing cocaine base in the form of crack cocaine). Case No. 12 C 9407, Dkt. 1. As explained below, the Court construes the second ground as a motion to reduce his sentence pursuant to 18 U.S.C. § 3582.

## II. ANALYSIS

Jones' § 2255 motion is denied because it is a successive motion that has not been certified by the Seventh Circuit. Jones' § 3582 motion is denied because the calculation of Jones' advisory guidelines range is unaffected by the Fair Sentencing Act and modifications to the Sentencing Guidelines for crack cocaine offenses.

### A. Jones' § 2255 Motion is a Successive Motion; This Court Does Not Have Jurisdiction to Consider Its' Merits.

In 2007, Jones filed his first § 2255 motion, which as discussed above, Judge Lindberg partially granted on the merits. The court's issuance of an "Amended Judgment" opened a new ten-day window in which Jones could file a direct appeal of his conviction and sentence.

Jones has now brought another § 2255 motion, *pro se*, asserting an error in the calculation of his criminal history points. Jones would be entitled to bring this motion, and it would not be considered successive, if it were his "*first* application challenging [an] intervening judgment." *Magwood v. Patterson*, 561 U.S. 320, 339 (2010).[4] Even if the court erred in the calculation of his criminal history score during the first sentencing, and then repeated that error in a second sentencing necessitated by a successful collateral attack on the first sentence (whether or not based on the erroneous criminal history calculation), under *Magwood*, Jones could attack the second-in-time error. "An error made a second time is still a new error. That is especially clear … where the [] court conducted a full resentencing and reviewed the aggravating evidence afresh." *Id.* at 339. What determines whether the challenge is a "second" or "successive" challenge is not whether there was a prior opportunity to make the challenge, but rather whether the challenge was directed at the same *judgment*. *Id.* at 340 (failure to present a claim in previous petition raises question of procedural default that is distinct from the question of whether the subsequent petition is deemed to be "successive").

Unlike the defendant in *Magwood*, Jones did not have a "full resentencing" and the "present judgment and sentence [is not] the result of a *complete and new assessment* of all of the evidence, arguments of counsel, and law." *Id.* (emphasis in original). Rather, the district court

---

[4] Although *Magwood* addresses a § 2254 petition, the Seventh Circuit has noted that regarding the question of whether a motion is successive or not, "there is no material difference between motions under Section 2255 and petitions under Section 2254 …" *U.S. v. Obeid*, 707 F.3d 898, 901 (7th Cir. 2013) (applying *Magwood* to appeal of denial of Section 2255 motion).

chose not to conduct any resentencing at all, even though Jones' counsel had objections to the calculation of Jones' advisory guidelines range. After considering her request that the court revisit the guidelines calculation, the court expressly declined to reevaluate the sentence that had been imposed originally, observing that Jones' counsel had provided effective representation during the initial sentencing hearing and that with the entry of an amended judgment (which, again, simply revised the date of the judgment), "the appropriate forum to raise any issues related to Mr. Jones' sentence in 05 CR 45" would be the Court of Appeals.

Under *Magwood*, the dispositive question is whether there has been a "new" judgment intervening between two petitions. Here, where the only action the court took was to change the date of the judgment in order to create an opportunity for Jones to appeal his conviction and sentence,[5] it cannot be said that the judgment was "new," or "intervening," in any sense. Judge Lindberg did not reopen the sentencing hearing and did not make any mistake twice; to the extent that he had made any errors in imposing a sentence on Jones in 2006 (and the Court is not suggesting that he did), those errors remained, undisturbed and not reconsidered, in the judgment when the judge reissued it in 2009. The amended judgment was not, therefore, an "intervening" judgment that gave Jones a second opportunity to collaterally attack his sentence. *Cf. White v. United States*, 745 F.3d 834, 836 (7th Cir. 2014) (holding that § 2255 motion was successive because defendant collaterally attacked a sentence reduction proceeding and not a resentencing). *Compare United States v. Obeid*, 707 F.3d 898, 901-02 (holding that second-in-time § 2255

---

[5] This was the proper procedure, and was approved by the Seventh Circuit in its decision on Jones' direct appeal. *Jones*, 635 F.3d at 914 (citing *United States v. Mosley*, 967 F.2d 242, 243 (7th Cir. 1992) (proper way to remedy counsel's failure to file notice of appeal is to reenter judgment so as to create new opportunity to appeal)).

7

motion was not successive where factual predicate for claim was not in place until after first motion was filed).[6]

Jones' motion is therefore successive; he did not have a resentencing at which any errors, whether new or repeated, could have been made. A second or successive motion "must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h); *Dahler v. U.S.*, 259 F.3d 763, 764 (7th Cir. 2001) ("Prior appellate approval is required … for a 'second or successive' motion under § 2255"). The appeals court can only certify the second or successive motion if it contains newly discovered evidence or a new rule of constitutional law. 28 U.S.C § 2255(h)(1)-(2). Section 2244 states that "Before a second or successive application … is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The Seventh Circuit's own rules lay out the relevant procedure, including, but not limited to, the requirements that the request include a short narrative statement of all claims, a statement that the claim depends on a new rule of constitutional law or new evidence, if either is true, and service on the attorney for the appropriate government agency. *See* Seventh Circuit Rule 22.2 ("Successive Petitions for Collateral Review").

So far as the record reflects, Jones has not sought certification of his § 2255 motion from the Seventh Circuit. "From the district court's perspective, [§ 2244(b)] is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition … unless the court of appeals has given approval for its filing." *Nunez v.*

---

[6] The Government's reliance on *Suggs v. United States*, 705 F.3d 279 (7th Cir. 2013), is misplaced. The Seventh Circuit's opinion in *Suggs* was expressly predicated on the fact that the petitioner's second-in-time motion challenged his underlying conviction rather than the sentence imposed after an initial, successful, motion under § 2255. That distinction is not present in this case.

*United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). Since Jones has not obtained approval for his petition from the Seventh Circuit, it must be dismissed for lack of subject matter jurisdiction.[7]

### B. The Calculation of Jones' Advisory Guidelines Range is Unaffected by the Fair Sentencing Act and Modifications to the Sentencing Guidelines.

Jones was sentenced to 181 months in prison and three years of supervised release on March 22, 2006. As discussed above, that sentence was re-entered on February 25, 2009, after Jones' successful first § 2255 motion. Jones argues in his motion pursuant to § 3582 that the sentence should be lowered as a result of subsequent amendments to the Guidelines that lowered the offense levels applicable to offenses involving crack cocaine. The Government responds that Jones' sentence would have been no different even if the lower offense levels for cocaine base had been in effect when Jones was sentenced.

Neither party set out the details of the original calculation of Jones' sentencing guideline range. The Court, however, has obtained and reviewed the Presentence Investigation Report (PSR) in Jones' criminal case (Case No. 05 CR 45) which is dated December 21, 2005. The PSR reflects that Jones' six counts were divided into three groups: Counts 1 and 6; Counts 3, 4, and 5; and Count 2. As to Counts 1 and 6, the crack cocaine offenses, the PSR calculated a base offense

---

[7] The Court notes for the sake of completeness that even if Jones' motion were not successive, it would likely fail on the merits for the reasons that the government identifies in its response. Jones did not challenge his criminal history score on direct appeal, so he has procedurally defaulted that claim. *See Sandoval v. United States*, 574 F.3d 847, 850-51 (7th Cir. 2009) (claims cannot be raised for first time in § 2255 motion if they could have been raised on direct appeal). And the argument Jones seeks to advance—that his prior "conditional discharge" should not have been counted in computing his criminal history category—has been rejected repeatedly by the Seventh Circuit. *See, e.g., United States v. Jones*, 448 F.3d 958, 960 (7th Cir. 2006) (diversionary dispositions by state court based on a finding or admission of guilt count toward criminal history calculations, distinguishing them from deferred prosecutions and citing cases); *United States v. Zuniga-Lazaro,* 388 F.3d 308, 315-16 (7th Cir. 2004) (conditional discharge sentences count toward criminal history score).

9

level of 26 (applying the 2005 version of the Drug Quantity Table at § 2D1.1(c) to a total of 12.3 grams of cocaine base). PSR at (lines) 143-155. The PSR then added two levels for obstruction of justice based on Jones' perjured testimony at a pretrial evidentiary hearing on his motion to suppress.[8] *Id.* at 185-216. Jones' adjusted offense level for Counts 1 and 6 was therefore 28. *Id.* at 217. As to Counts 3, 4, and 5, the firearms offenses, the PSR calculated a base offense level of 20, based on Jones' commission of a prior felony involving a controlled substance. *Id.* at 227-233. The PSR then added four levels for the specific offense characteristic of possessing ten firearms, two levels for the specific offense characteristic of possessing a firearm with an obliterated serial number, and four levels for the specific offense characteristic of using or possessing a firearm in connection with another felony offense. *Id.* at 234-260. The PSR added two levels for obstruction of justice based on Jones' perjured suppression hearing testimony. *Id.* at 265-295. Jones' adjusted offense level for Counts 3, 4, and 5 was therefore 32. *Id.* at 296.

The PSR advised that the drug and firearms offense groups were then subject to the application of the grouping rules set forth in § 3D1.2 and § 3D1.3:

> Counts Three, Four, and Five can be grouped with Counts One and [Six], as Counts Three, Four, and Five [] embody conduct that []is treated as a specific offense characteristic in the guideline applicable to Counts One and Six (i.e., gun enhancement pursuant to § 2D1.1(b)(1)). Pursuant to § 3D1.3(a), the offense level applicable to this group of counts is the offense level for the most serious of the counts comprising the group. The guideline applicable to Counts Three, Four, and Five results in a higher offense level than the guideline applicable to Counts One and Six. Therefore, the adjusted offense level for Counts Three, Four, and Five, which results in the higher offense level of 32, has been utilized as the combined adjusted offense level, pursuant to § 3D1.3(a).

---

[8] Jones acknowledged possession of the crack cocaine and firearms, both at his street arrest and in his apartment, but he denied that he was the individual who was observed by the police engaging in any hand-to-hand drug transactions.

*Id.* at 297-306. The district court agreed that the drug and firearm counts were subject to grouping under § 3D1.3, but for a different reason. The court concluded that the firearms offenses should not be treated as a specific offense characteristic of the drug offenses because Application Note 4 of § 2K2.4 precluded use of the firearms possession as a specific offense characteristic of the drug counts. Instead, the court concluded that the drug and firearm counts should be subject to grouping under § 3D1.2(b) "because they involve the same victim and two or more acts connected by a common criminal objective or constituting part of a common scheme or plan, namely to distribute a controlled substance." Case No. 05 CR 45, Dkt. 49. Either way, as the Government observes in its Response, the calculation of the Guideline range was "driven by" the firearms counts rather than by the drug counts.

As to Count Two, to which the grouping rules of Chapter 3 did not apply (per § 2K2.4(b)), the PSR noted that the statutory mandatory minimum term of 5 consecutive years would be imposed for possession of a firearm in connection with a drug distribution offense. *Id.* at 9, lines 307-312; U.S.S.G. § 2K2.4(b). Finally, and notwithstanding application of the enhancement for obstruction of justice, the PSR recommended a two-level reduction for acceptance of responsibility, based on Jones' acknowledgment at the suppression hearing and during his presentence interview that he possessed 0.9 grams of cocaine and a firearm during his arrest, and that he possessed the firearms and cocaine that were later seized from his bedroom. *Id.* at 313-355. Jones' total offense level was therefore 30. *Id.* at 356-358. The PSR then applied a criminal history category of III, which was based on three prior criminal convictions (3 points),

and two additional points for committing the instant offense while serving a sentence of conditional discharge (for a total of 5 criminal history points).[9] *Id.* at 413-420.

Based on the total offense level of 30 and criminal history category of III, the PSR calculated a sentencing guideline range of 121 to 151 months, plus a mandatory consecutive term of at least 60 months. The government objected to the PSR's two-level reduction for acceptance of responsibility, and Jones objected to the PSR's two-level enhancement for obstruction of justice. *United States v. Jones*, 2009 WL 424469, at *4 (N.D. Ill. Feb. 19, 2009); Case No. 05 CR 45, Dkt. 49. The district court sustained Jones' objection and denied the government's objection, resulting in a total offense level of 28, a criminal history category of III, and a recommended advisory guideline range of 97 to 121 months. *Id.* The Court sentenced Jones to 181 months, derived from the guideline range sentence of 121 months plus the mandatory 60 months for Count Two. *Id.*; Case No. 05 CR 45, Dkt. 55.

Jones asserts that the offense level for Counts One and Six was calculated incorrectly due to an "Amendment of the Sentencing Guidelines." Case No. 12 C 9407, Dkt. 1 at 5. Construing Jones' *pro se* motion liberally, as this Court must (*see Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)), Jones appears to be seeking a retroactive application of the sentencing guidelines amendment for offenses involving crack cocaine pursuant to 18 U.S.C. § 3582(c) ("Modification of an imposed term of imprisonment"). The "Amendment" to which Jones is likely referring relates to the Fair Sentencing Act of 2010, P.L. 111-220, 124 Stat. 2372 (Aug. 3, 2010), which reduced statutory penalties for crack offenses. The U.S. Sentencing Commission subsequently issued Amendment 748, which took effect on November 1, 2010, and amended the Drug Quantity Table in § 2D1.1 of the Guidelines by lowering the offense levels for crack

---

[9] This is the conviction Jones seeks to challenge in his successive motion under § 2255.

offenses. On June 30, 2011, the Sentencing Commission gave Amendment 748 retroactive effect (Amendment 750). Jones maintains that his sentence should be one month shorter by virtue of this amendment.[10]

Presented with a § 3582(c)(2) motion, the Court is normally required to first determine if the amended guideline range would have been applicable had the amendment been in effect at the time of Jones' sentencing. *See Dillon v. United States*, 560 U.S. 817, 818 (2010). In Jones' case, however, whether the amended guideline range for Jones' drug convictions would have applied at the time of his sentencing is irrelevant. That is because the advisory guidelines range recommended in the PSR was based on the higher offense level (30) applicable to the firearms offenses, and not the lower offense level (26) applicable to the drug offenses.[11] The PSR stated that "the offense level applicable to [the group of Counts One, Three, Four, Five, and Six] is the offense level for the most serious of the counts comprising the group. The guideline applicable to Counts Three, Four, and Five results in a higher offense level than the guideline applicable to Counts One and Six. Therefore, the adjusted offense level for Counts Three, Four, and Five, which results in the higher offense level of 32, has been utilized as the combined adjusted offense level …." PSR at 300-306. Further, in the district court's opinion denying the government's objection and granting the defendant's objection to the PSR, the court stated that "the government, defendant, PSR and this Court agree that the offense level for defendant's

---

[10] The motion does not spell out how Jones arrived at his conclusion that application of the amendment would shorten his sentence by one month.

[11] These are the offense levels applicable to these offenses based on Judge Lindberg's ruling denying an enhancement for obstruction of justice. The offense levels as computed in the PSR were 32 and 28, respectively. Since the PSR increased the offense levels of both the drug and firearms counts for obstruction, the denial of that enhancement does not affect the analysis; in either case, the offense level applicable to the firearms counts was higher than the offense level applicable to the drug counts.

firearms crimes, not his drug crimes, will control for sentencing purposes." Case No. 05 CR 45, Dkt. 49.

Given that Jones' advisory guidelines range was based on the offense level calculated for the firearms offenses rather than the drug offenses, Amendments 748 and 750 have no impact on Jones' sentence. In other words, even if the offense level for Jones' drug offenses (Counts 1 and 6) had been reduced due to the impact of Amendment 748, Jones would still have had the same offense level of 28, which was based on the firearms offenses and which was ultimately used to inform his advisory guidelines range and his sentence. *See* Guideline § 1B1.10(a)(2)(B) (stating that a reduction in the defendant's term of imprisonment is not authorized if "an amendment … does not have the effect of lowering the defendant's applicable guideline range.").

### III. Review by the Court of Appeals

As discussed above, Jones' challenge to the calculation of his criminal history points is part of a successive motion and this Court therefore does not have subject matter jurisdiction to reach the merits of the motion. To pursue his § 2255 motion any further in this Court, Jones must obtain permission from the Seventh Circuit to file a successive § 2255 motion. Alternatively, Jones may also appeal the ruling of this Court that Jones' motion is successive and that this Court does not have subject matter jurisdiction, but to do so he would need to obtain a certificate of appealability from this Court or, failing that, permission to appeal from the Seventh Circuit, which he must seek within 60 days of this order. Fed. R. App. Proc. 22(b)(1) and (2); Fed. R. App. Proc. 4(a)(1)(B). And because this Court declines to issue a certificate of appealability— concluding that reasonable jurists would not find its conclusion regarding Jones' motion debatable—Jones is thus required in either event to secure permission from the Seventh Circuit to proceed any further with his § 2255 motion.

As to his attempt to reduce his sentence based on the amendment to the crack cocaine guideline, the Court has construed Jones' putative § 2255 motion to be a motion pursuant to 18 U.S.C. § 3582(c). That motion "is criminal in nature" and the Court's ruling denying that motion is directly appealable to the Seventh Circuit within 14 days of this order, the time frame applicable to criminal appeals.[12] *United States v. Booker,* 352 Fed. Appx. 102, 103 (7th Cir. 2009) ("every circuit court that has addressed § 3582(c)(2) has determined that it is criminal in nature and therefore covered only by rules applying to criminal cases"). *See also U.S. v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011) (defendant had 10 days under 2005 rules to appeal the denial of his § 3582 motion); *U.S. v. Black*, 478 Fed. Appx. 330, 330 (7th Cir. 2012) (noting that when a defendant waits beyond the 14-day window to appeal before seeking reconsideration of a § 3582 ruling, the defendant's request must be treated as a new motion).

\* \* \*

For the reasons set forth above, Jones' § 2255 and § 3582(c) motions are denied.

---

[12] If the Court had construed this claim as part of Jones' successive § 2255 motion, the claim would have suffered the same fate as his criminal history points claim: the Court would have no subject matter jurisdiction over either claim unless the Seventh Circuit first granted Jones permission to file the § 2255 petition in the district court. Section 3582, however, is the proper vehicle for requesting a sentence reduction following changes to the sentencing guidelines, and its filing does not carry the same consequences as would a § 2255 motion. *See United States v. Monroe*, 580 F.3d 552, 558 (7th Cir. 2009) (finding that motions brought under § 3582 are not collateral attacks, in part because a § 3582 motion seeks to modify a sentence based on events occurring after the original sentence was imposed); *Castro v. U.S.*, 540 U.S. 375 (2003) (holding that a district court cannot recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant, warns the litigant of the successive motion restrictions, and provides the litigant an opportunity to withdraw the motion). *Cf. U.S. v. Purnell*, 481 Fed. Appx. 262, 263 (7th Cir. 2012) (holding that a motion collaterally attacking the original sentence and not seeking a sentencing reduction pursuant to retroactive amendment of sentencing guidelines was within the scope of § 2255 and not § 3582). Moreover, the Government "asks this Court to consider Jones' attack on the offense level calculation for his drug crimes to be a motion under § 3582(c)." Gov. Resp. at 21.

Entered: July 11, 2014

                                                                                                 John J. Tharp, Jr.
                                                                                                 United States District Judge